MATTER OF CHANG

In DEPORTATION Proceedings

A-8227986

*Decided by the Board July 24, 1962*

A special inquiry officer's order directing deportation if the alien failed to depart voluntarily within the time allowed became final when respondent did not appeal within the time allowed. (8 CFR 243.1) Upon failure to depart as notified, respondent was served with a final order of deportation issued pursuant to the 1952 Act at a time when he was ineligible for suspension of deportation under section 244(a) of that Act. He is, therefore, precluded from qualifying for suspension of deportation under any of the subsections now in effect.

CHARGES:

Warrant: Act of 1924—no immigration visa
Lodged: Sec. 241(a)(9) of the I. & N. Act (8 U.S.C. 1251(a)(9))—Failed to comply with conditions of admission—seaman.

The case comes forward on appeal from the order of the special inquiry officer dated May 14, 1962, denying respondent's motion to reopen the deportation proceedings to permit application for suspension of deportation under section 244 of the Immigration and Nationality Act.

The record relates to a native and citizen of China, 49 years old, male, who last entered the United States at the port of New York on May 5, 1951, and was admitted as a seaman under section 3(5) of the Immigration Act of May 26, 1924, for the amount of time the ship remained in port, not to exceed 29 days. A warrant of arrest was served on the respondent on February 18, 1952. He was accorded a deportation hearing during the course of which he was represented by counsel and at the conclusion of the hearing on May 11, 1953, the special inquiry officer entered an order finding the respondent to be subject to deportation solely on the lodged charge set forth above and granted him the privilege of voluntary departure in lieu of deportation, with the further order that if he failed to depart as required, the privilege of voluntary departure should be withdrawn without further notice

14

or proceedings and the alien deported from the United States in the manner provided by law on the lodged charge. By letter dated June 9, 1953, counsel for the respondent was supplied with a copy of the hearing record, decision and order of the hearing officer and was informed that the order was final unless an appeal was taken to the Board of Immigration Appeals within five days. No appeal was taken. On July 17, 1953, the respondent and his counsel were notified by mail that the respondent should arrange to depart from the United States on or before August 19, 1953, and that if he did not avail himself of the voluntary departure privilege extended to him, he would be deported from the United States forthwith pursuant to law. Apparently the respondent failed to depart voluntarily and on August 20, 1953, a warrant of deportation was issued. The warrant of deportation however was erroneously based upon the warrant charge instead of the lodged charge upon which respondent had been ordered deported.

It does not appear that the deportation of the respondent was ever effected. On April 5, 1962, counsel for the respondent filed a motion to reopen the proceedings in order that the respondent might be permitted to make an application for suspension of deportation under section 244 of the Immigration and Nationality Act, as amended, supporting the motion with an affidavit of the respondent to the effect that on February 1, 1962, he married a naturalized citizen of the United States, that he has resided in the United States since 1951, and alleging that if he were deported to Hong Kong, he would suffer unusual hardship.

All the subsections of section 244(a) of the Immigration and Nationality Act which relate to suspension of deportation, except subsection (1) which is no longer applicable, contain, as a condition precedent to eligibility, the clause that the alien "has not been served with a final order of deportation issued pursuant to this Act in deportation proceedings up to the time of applying to the Attorney General for suspension of deportation." In the instant case the respondent was given voluntary departure with an alternate order of deportation by the special inquiry officer on May 11, 1953, and on June 9, 1953, was informed by the District Director of the order of the special inquiry officer and was given five days after receipt within which to appeal. No appeal was taken.

By regulations, 8 CFR 243.1, an order of deportation, including an alternate order of deportation coupled with an order of voluntary departure, made by the special inquiry officer in proceedings under part 242, shall become final upon (1) dismissal of an appeal by the Board of Immigration Appeals, (2) upon waiver of appeal, or (3) *upon expiration of the time alloted for an appeal when no appeal is taken.*

15

The respondent herein failed to appeal and the order of the special inquiry officer became final. Upon his failure to depart as notified by August 19, 1953, a final order of deportation pursuant to the Immigration and Nationality Act had been served upon the respondent prior to the time of the application for suspension of deportation as provided by sections 244(a) (2), (3), (4) and (5) of the Act. The purpose of the requirement therein that the alien shall not have been served with a final order of deportation precludes suspension of deportation where the alien is not eligible for such relief at the time of such final order.[1]

In the instant case the respondent, who last entered the United States on May 5, 1951, was, at the time of his deportation hearing on May 11, 1953, not eligible for suspension of deportation. A final order of deportation under the Act has been entered.[2] Under the circumstances the respondent is precluded from now applying for suspension of deportation. The appeal from the order of the special inquiry officer denying the motion to reopen will be dismissed.

ORDER: It is ordered that the appeal from the order of the special inquiry officer dated May 14, 1962, denying the motion to reopen the proceedings be and the same is hereby dismissed.

---

[1] *Matter of C—L—*, 7 I. & N. Dec. 137; *Matter of O—*, 7 I. & N. Dec. 457.

[2] Notice is taken of the fact that the warrant of deportation was based upon an erroneous ground, to wit, the warrant charge instead of the lodged charge. However, 8 CFR 243.1 and 8 CFR 243.2 illustrate the distinction between a final order of deportation and a warrant of deportation. The error in the warrant of deportation may be corrected administratively.